# Commonwealth v. Yorty

*William S. Kreisher, Assistant District Attorney*, for Commonwealth.

*Thomas Arthur James, Jr.*, for defendant.

MYERS, *P.J.*, March 8, 1979—Defendant was the operator of a motor vehicle and was charged with passing another vehicle when approaching an intersection in violation of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §3306(a)(2). Defendant filed an appeal, and a de novo hearing was held by this court. The matter is now ready for disposition.

Defendant was proceeding north on a state highway which widens from a two-lane road into a divided four-lane road, approaching the intersection in question. Just beyond the point where the highway widens, defendant overtook and passed a slower moving vehicle.

Defendant executed the pass in the left northbound lane, which is designated a left turn lane by painted yellow hatchmarks. In completing the pass, defendant traveled through the intersection in question.

There are no "No Passing" signs in the vicinity of

the left turn lane or the intersection. Also, there are no signs designating the left northbound lane as a left turn lane.

Furthermore, there are no warning signs governing the approaching intersection. There are, however, signs indicating a junction between the state highway and Interstate Route 80, but that junction lies beyond the intersection in question.

The former Vehicle Code of April 29, 1959, P.L. 58, the precursor to 75 Pa.C.S.A. §3306, specifically exempted intersections on four-lane highways from the "No Passing" prohibition. Accordingly, if the former Vehicle Code were still in effect, it is clear that defendant's act would not have constituted "passing at an intersection." See former 75 P.S. §1008(c) (repealed).

The current provisions in section 3306(a)(2) are somewhat more ambiguous. Under section 3306(a)(2), vehicles are prohibited from being "driven on the *left side* of the roadway . . . [w]hen approaching within 100 feet of or traversing any intersection . . . " (Emphasis supplied.)

In the instant case, defendant was not operating his vehicle on the left side of the highway, although he was in fact "passing." Hence, the literal language of section 3306(a)(2) does not proscribe defendant's conduct.

Defendant did, however, pass in an area marked as a "no passing zone" by yellow hatchmarks on the roadway. Nonetheless, passing in a "no passing zone" is a violation only when both "signs *and* highway markings are in place." 75 Pa.C.S.A. §3307(b). (Emphasis supplied.) In the instant case, there were no signs in place. Even if there had been signs, defendant would have been violating section 3307, rather than section 3306 as charged.

Given these circumstances, we must find de-

fendant not guilty. We do so reluctantly, however, because we view defendant's conduct as the type of activity which should be prohibited by the Vehicle Code. However, proper signs, and an arrest under section 3307, would be necessary to sustain a conviction under the circumstances of this case.

## ORDER

And now, March 8, 1979, after hearing held, we adjudge defendant not guilty.

Costs to be paid by the County of Columbia.